IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARY HENLEY                                                                PLAINTIFF

VS.                                          CIVIL ACTION NO. 4:11cv167-DPJ-FKB

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY                                                      DEFENDANT

# REPORT AND RECOMMENDATION

Mary Henley brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of the Social Security Administration. Presently before the Court are the parties' dispositive motions. Having considered the motions, the memoranda in support of the motions, and the administrative record, the undersigned recommends that this matter be remanded to the Commissioner.

## I. Procedural History and Administrative Record

Henley filed for a period of disability and disability insurance benefits (DIB) on June 27, 2006. Her application was denied initially and on reconsideration, and she requested and was granted a hearing before an administrative law judge (ALJ). On October 14, 2009, the ALJ issued a partially favorable decision in which he awarded Plaintiff a closed period of benefits. The Appeals Council denied review, thereby making the decision of the ALJ the final decision of the Commissioner. Henley then brought this appeal pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Henley was born on March 5, 1967, and was 42 years of age at the time of the ALJ's decision. She has a high school education and past relevant work experience as a hand packer. She lives with her husband and teenage daughter. In 1996 Plaintiff was diagnosed with breast cancer of the right breast, for which she underwent chemotherapy and radiation. She recovered and returned to the work force. In 2005 she developed cancer in the left breast, and in March 2006 she underwent a left mastectomy, followed by chemotherapy and radiation.

The record is also significant for ongoing complaints of lower back pain radiating into the lower extremities. MRIs have revealed a herniated disc at L5-S1 and degenerative disc disease at T8-9. The most recent MRI, dated December 29, 2010, indicated that the disc at L5-S1 was abutting the left nerve rootlet and minimally abutting the right nerve rootlet. Treatment for this condition has included physical therapy, steroid injections, and a TENS unit. Current medications for her back pain at the time of the hearing included pain medication, muscle relaxers, and anti-inflammatory medication. Additionally, Plaintiff suffers from mild carpel tunnel syndrome in both wrists, which was diagnosed in 2007 by electromyelogram and nerve conduction studies. She was prescribed and wears hand braces for the condition, and the record contains ongoing complaints by her of pain in the hands. In December of 2008 she was diagnosed with supra ventricular tachycardia.

A consultative examination was performed by Dr. John A. Frenz on February 24, 2007. Plaintiff had a good grip in both upper extremities and could manipulate small objects. Range of motion in her lower back was restricted approximately sixty percent

2

due to paraspinal muscular spasm.  There was a slight diminution of the left Achilles deep tendon reflex.  Straight leg raising both right and left beyond sixty degree resulted in intensified low back pain.  Dr. Frenz's diagnosis was lumbar radicular syndrome, lumbar disc degeneration and displacement, and thoracic disc degeneration and displacement.

In February of 2011, after the ALJ issued his decision, Henley's attorney submitted a medical source statement from Dr. Montgomery, Plaintiff's oncologist, to the Appeals Council.  In the statement, Dr. Montgomery opined that due to residuals from her bilateral breast cancer, left breast mastectomy followed by chemotherapy and radiation, and lumbar impairments, Plaintiff would frequently experience pain, fatigue, or other symptoms during the workday severe enough to seriously interfere with the attention and concentration needed to perform even simple work tasks.

At the hearing, Plaintiff testified that she lives with her husband and teenage daughter.  She takes her medications in the morning, but then returns to bed until early afternoon because her medicines cause nausea.  According to Plaintiff, she suffers from pain in her lower back, legs, and wrists.   She lies down two to three hours a day with a heating pad on her lower back to help alleviate her pain.  She does very little driving.  She can occasionally perform light housekeeping tasks and light cooking.

## II. **The Decision of the ALJ**

In his opinion, the ALJ worked through the familiar sequential evaluation process for determining disability.[1]  He found that for the closed period of October 1, 2005, through

---

[1] In evaluating a disability claim, the ALJ is to engage in a five-step sequential process, making the following determinations:

October 31, 2007, Plaintiff had the severe impairments of breast cancer and degenerative disc disease but that her impairments did not, either singly or in combination, meet or medically equal the criteria of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  He further found that during this closed period, Plaintiff had the residual functional capacity to work at all exertional levels, but that due to pain, fatigue, nausea and diarrhea secondary to chemotherapy, she was unable to work at any job for at least two days out of a five-day work week.  He therefore found that Plaintiff was disabled during this period.

The ALJ went on to conclude that beginning November, 1, 2007, the approximate date of the cessation of her cancer treatment, Henley underwent medical improvement

---

(1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);

(2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);

(3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);

(4) whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and

(5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520 and 416.920.  The analysis ends at the point at which a finding of disability or non-disability is required.  The burden to prove disability rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining her burden through step four, the burden then shifts to the Commissioner at step five.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

related to her ability to work.[2]  He determined that since that date, Plaintiff has suffered from the severe impairments of breast cancer and degenerative disc disease, but that she does not have an impairment or combination of impairments that meets or medical equals a listed impairment.  In assessing Plaintiff's residual functional capacity, the ALJ found that while Plaintiff's impairments could reasonably be expected to cause her alleged symptoms, her statements concerning the intensity, persistence and limiting effects of those symptoms were not credible to the extent alleged beginning November 1, 2007.  He determined that Plaintiff has the residual functional capacity to perform a full range of work at the sedentary levels with the following nonexertional limitations:  She may never climb ladders, ropes and scaffolds but may occasionally climb ramps and stairs; she may occasionally stoop, crouch and kneel but never crawl; she is unable to reach overhead; and she must avoid all use of heavy moving machinery and exposure to unprotected heights.  Relying upon the testimony of a vocational expert, the ALJ determined that Plaintiff could not perform her past relevant work as a hand packer.  He concluded, however, based upon the VE's testimony, that she could perform other jobs in the local and national economies, including the jobs of finial assembler, surveillance system

---

[2]When the ALJ finds that a claimant is entitled to a closed period of disability, he must apply the medical improvement standard to determine the date when the closed period ends. *Waters v. Barnhart*, 276 F.3d 716 (5th Cir. 2002).  Disability benefits may be terminated if there is substantial evidence that (1) there has been medical improvement related to the claimant's ability to work, and (2) the claimant is now able to engage in substantial gainful activity.  42 U.S.C. § 423(f)(1).  Medical improvement is related to a claimant's ability to work if there has been a decrease in the severity of the impairment and an increase in functional capacity to perform basic work activities.  20 C.F.R. § 404.1594(b)(3).  Unlike in a typical disability case, once a closed period of disability is awarded, the burden is on the Commissioner in all relevant aspects to prove that the claimant is no longer disabled as of the cessation date.  *Waters,* 276 F.3d at 718.

monitor, and button reclaimer. He therefore found that beginning November, 1, 2007, Plaintiff was no longer disabled.

## III. **Analysis**

In reviewing the Commissioner's decision, this Court is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).[3] In her motion, Plaintiff challenges the Commissioner's determination that she was no longer disabled as of November 1, 2007. She makes several arguments in support of her position. First, she contends that the Appeals Council erred in failing to give proper consideration to the new evidence submitted to it, particularly, the medical source statement of Dr. Montgomery. Second, Plaintiff argues that the ALJ erred in his analysis of whether her carpal tunnel syndrome constitutes a severe impairment and in failing to adequately develop the record on this issue. She also argues that the ALJ failed to apply the proper legal standards in determining medical improvement. Finally, Henley takes the position that the ALJ's assessment of Henley's residual functional capacity had no medical basis in the record.

---

[3] "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance. . . ." *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989) (quoting *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)). If the Commissioner's decision is supported by substantial evidence, it is conclusive and must be affirmed, *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)), even if the court finds that the preponderance of the evidence is *against* the Commissioner's decision, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

In the opinion of the undersigned, Plaintiff is correct regarding the ALJ's finding that her carpal tunnel syndrome does not constitute a severe impairment. In reaching his conclusion, the ALJ stated that Plaintiff's carpal tunnel syndrome was deemed "nonsevere" because it "causes no more than minimal limitation in the ability to perform work activity." This standard is similar to the one set forth at 20 C.F.R. § 404.1520(c), which states that a severe impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." However, the Fifth Circuit long ago determined that this regulatory definition is inconsistent with the Social Security Act. The correct standard, as interpreted by the Fifth Circuit, is set forth in the seminal case of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985):

> [A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

*Id.* at 1101. As one court has observed, the *Stone* standard "provides no allowance for a minimal interference with [a] claimant's ability to work." *Lacy v. Astrue*, 2010 WL 4275285, at *5 (N.D. Tex. 2010). The ALJ's allowance of "minimal limitations" on Henley's ability to work caused by her carpal tunnel syndrome requires reversal and reconsideration of this impairment in light of the correct legal standard. *See id.* at 1106 (requiring remand where the incorrect standard of severity was used).

Furthermore, in the opinion of the undersigned, the ALJ's determination that Plaintiff's carpal tunnel syndrome is non-severe is not supported by substantial evidence. As stated above, Plaintiff's electrical studies were consistent with carpal tunnel syndrome, and she wears braces on both hands as recommended by her physician. On remand, the

7

ALJ should develop the record to determine the extent of any limitations imposed by this condition on her ability to work.

Because remand is recommended, the undersigned finds it unnecessary to discuss the merits of Plaintiff's remaining arguments.

## IV. **Conclusion**

For the reasons stated herein, the undersigned recommends that Plaintiff's motion be granted, that the Commissioner's motion be denied, and that this matter be remanded for proceedings consistent with this opinion. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 30th day of January, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE